IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MAUREEN ALEXANDER,         }<br>                            }<br>     Plaintiff,            }<br>                            }          CIVIL ACTION NO.<br>v.                          }          02-AR-3214-S<br>                            }<br>JEFFERSON COUNTY BOARD OF   }<br>EDUCATION,                  }<br>                            }<br>     Defendant.            }<br>                            } | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Maureen Alexander ("Alexander"), by and through the law firm of Wiggins, Childs, Quinn & Pantazis, brought the above-referenced action against her employer, Jefferson County Board of Education ("the Board"), alleging sex discrimination and retaliation under Title VII. 42 U.S.C. § 2000e, *et. seq.* On October 29, 2004, the court granted the Board's motion for summary judgment. Alexander thereupon filed a *pro se* notice of appeal. After notice to the parties, the court heard the matter of the fixing of an appropriate cost bond pursuant to Rule 7, F.R.App.P., at its regular motion docket on December 10, 2004. Alexander appeared *pro* se, her attorneys being granted leave to withdraw. The Board was not asked its opinion, and did not express an opinion, about the merit of Alexander's appeal, but the Board inferentially made the contention that Alexander's original complaint was without foundation in law or in fact during the briefing of its motion for summary judgment.

It is within the court's discretion to require an appellant to post a bond to ensure payment of costs on appeal. *See* Rule 7, F.R.App.P.; *Pedraza v. United Guaranty Corporation*, 313 F. 3d 1323 (11th Cir. 2002).[1] Assuming that Rule 7 contemplates imposition of a cost bond by appellants in most instances, the question before the court is not whether a bond should be required but whether it should include attorney fees that **may** prove to be recoverable from appellant, as part of "costs." *Pedraza* dictates that the trial court should include prospective attorneys' fees in the bond even without a finding that the appeal is frivolous. Accordingly, the court will fix a bond sufficient in amount to provide the Board with assurance that its attorneys' fees on appeal, if such fees are later determined to be recoverable from Alexander, will in fact be paid.

Critical to the Eleventh Circuit's holding in *Pedraza* is this statement:

> [T]he meaning of 'costs,' as used in Rule 7, should be derived from the definition of costs contained in the statutory fee shifting provision that attends the plaintiff's underlying cause of action.[2]

---

[1] Rule 7 provides in pertinent part:
In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of **costs** on appeal.
(emphasis supplied).

[2] The *Pedraza* court held out 42 U.S.C. § 1988(b) as a paradigm fee shifting statute under which Rule 7 "costs" would include attorneys' fees. *See* 313 F.3d at 1333-35. In this case, the relevant fee shifting statute, 42 U.S.C. § 2000e-5(k), employs language that is similar in all material respects to that of § 1988(b). As such, *Pedraza* fully supports the conclusion that Rule 7 costs should include attorneys' fees in a Title VII action.

*Id.* at 1333.

The Eleventh Circuit made this position even clearer, and an integral part of its holding, by saying:

> [W]e adopt the approach to defining Rule 7 'costs' taken by the Second Circuit [referring to *Adsani v. Miller,* 139 F.3d 67, 71-76 (2nd Cir.), *cert. denied*, 525 U.S. 875 (1998)].

*Id.* at 1334.

Prior to this reference to *Adsani*, the Eleventh Circuit had quoted the Second Circuit in *Adsani* as follows:

> "[w]e find that Adsani's argument that Rule 39's 'definition' of costs should be imported into Rule 7 is unavailing because Rule 39 has no definition of the term 'costs' but rather defines the circumstances under which costs should be awarded. 139 F.3d at 75."

*Id.* at 1330.

This court is not called upon, at least not yet, to decide whether circumstances exist that may call for an award of attorneys' fees to the Board.  The definition of the term "costs", derived from 42 U.S.C. § 2000e-5(k), the fee shifting statute here applicable, is clear.  It provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, **a reasonable attorney's fee** (including expert fees) **as part of the costs**, and the Commission and the United States shall be liable for costs the same as a private person.

(emphasis supplied).

This court understands *Pedraza* to mean what it says, no more and no less.  Notably, *Pedraza* does not hold that the trial court

3

must find that an appeal is frivolous or without foundation prior to including possible attorney fees in a Rule 7 bond.  Rather, *Pedraza* rests both on the statutory definition of "costs" and on the recognition that "where there is a significant risk of insolvency on the appellant's part...district courts can require that the fees that ultimately would be shiftable be made available *ab initio*."  313 F.3d at 1333.

It is true, of course, that the Board will not be entitled to recover fees from Alexander unless she both loses her appeal and some court eventually finds that her appeal was frivolous and/or without foundation.  *See Independent Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989).  *Pedraza*, however, gives no indication that such a finding is a prerequisite to bonding potential fees as part of estimated "costs" under Rule 7.

At the risk of repetition, *Pedraza* does not hold that a bond posted pursuant to Rule 7, F.R.App.P., is automatically forfeited in favor of a successful appellee, but only that the bond stands good for a fee **if a fee is awarded to the appellee under a fee shifting statute in which a fee is potentially part of the "costs."**  In other words, the bond is no more than insurance. Using the insurance analogy, the amount of an insured's loss, if any, is a matter for future consideration only if a covered loss is sustained.

The court is satisfied from the representations of counsel

for defendant-appellee, the Board, that if plaintiff-appellant, Alexander, loses her appeal and her appeal is thereafter found to have been devoid of merit, there is a significant risk that the Board will be unable to recover its appellate attorneys' fees from Alexander.  A reasonable attorneys' fee and other taxable costs in the event the Board should prevail on appeal **and** a fee should be called for, is $7,000.  Having heard from the parties on the matter,  and in light of controlling law, the court SETS a bond in the sum of $7,000 pursuant to Rule 7, F.R.App.P. Alexander, as plaintiff-appellant, must post such a bond with a corporate or other satisfactory surety if she wishes to proceed with her appeal.  **The Clerk shall approve the surety and the form of the bond, which shall be posted within fourteen (14) days.**

DONE this 21st day of December, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE